IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTAURO LIQUID OPPORTUNITIES MASTER FUND, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> ALESSANDRO BAZZONI, CINQUE TERRE FINANCIAL GROUP, LTD., CT ENERGIA LTD., CT ENERGIA HOLDING, LTD., CT ENERGY HOLDING SRL, and CTVEN INVESTMENTS SRL, <br><br> Defendants. | 15 CV 9003 <br> Civil Action No. <br><br> USDC SDNY <br> DOCUMENT <br> ELECTRONICALLY FILED <br> DOC #: _____ <br> DATE FILED: 11-17-2015 |

[PROPOSED] PRELIMINARY ORDER OF ATTACHMENT

Plaintiff Centauro Liquid Opportunities Master Fund, L.P., ("Plaintiff") having moved pursuant to Rule 64 of the Federal Rules of Civil Procedure and Article 62 of the New York Civil Practice Law and Rules ("CPLR") for an order of attachment directed to the assets of defendants Alessandro Bazzoni, Cinque Terre Financial Group, Ltd., CT Energia, Ltd., CT Energia Holding, Ltd., CT Energy Holding SRL, and CTVEN Investments SRL ("Defendants"), upon (a) the Memorandum of Law in Support of Plaintiff's Ex Parte Motion for a Preliminary Order of Attachment, (b) the Affidavit of Yvonne Morabito in Support of Plaintiff's Ex Parte Motion for a Preliminary Order of Attachment, (c) the Affidavit of Randall W. Jackson in Support of Plaintiff's Ex Parte Motion for a Preliminary Order of Attachment, and (d) all pleadings, papers and evidence submitted in connection with the above-captioned action, including the Complaint filed in this Court on November 16, 2015; from which it appears that Plaintiff has met the criteria for prejudgment attachment in that:

1. There exists a valid cause [breach of contract] of action pending before this Court for money damages in favor of Plaintiff and against Defendants CTFG and CTEL (as defined below), for at least the sum of $21,092,213.00, as a result of defendants Cinque Terre Financial Group, Ltd., ("CTFG") and CT Energia, Ltd.'s ("CTEL") default under the Promissory Note executed on May 21, 2015, in Plaintiff's favor;

2. It is probable that Plaintiff will succeed on the merits of their claims to recover at least $21,092,213.00 owing under the Promissory Note;

3. It is probable that Plaintiff will succeed in demonstrating that defendants CT Energia Holding, Ltd., CT Energy Holding SRL, and CTVEN Investments SRL are alter egos of, and therefore liable to Centauro to the same extent as defendants Cinque Terre Financial Group, Ltd. and CT Energia, Ltd.;

1

4. There are sufficient grounds for an order of attachment pursuant to CPLR § 6201(1) in that ~~defendant Alessandro Bazzoni is a non-domiciliary residing without the State of~~ New ~~York, and~~ *and* defendants Cinque Terre Financial Group, Ltd., CT Energia, Ltd., ~~CT Energia Holding, Ltd., CT Energy Holding SRL, and CTVEN Investments SRL~~ are foreign business entities not qualified to do business in the State of New York and Plaintiff has demonstrated that prejudgment attachment is necessary for security purposes; and

5. Defendants have no counterclaims for damages against Plaintiff.

**NOW**, on the motion of Boies, Schiller & Flexner LLP, attorneys for Plaintiff, sufficient cause being alleged therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for a Preliminary Order of Attachment is **GRANTED** *in part as follows*.

**IT IS FURTHER ORDERED** that, for good cause shown, the attorneys for Plaintiff, Boies, Schiller & Flexner LLP, and their respective employees, are hereby specially appointed pursuant to Federal Rule of Civil Procedure 4.1 to act in the place and stead of the U.S. Marshal for the Southern District of New York ("U.S. Marshal") to levy upon by service of the Preliminary Order of Attachment, but refrain from taking into actual custody, the following property such as will satisfy the above-mentioned sum of $21,092,213.00:

Any property, whether real or personal, tangible or intangible, presently existing or hereafter arising, which could be assigned or transferred as provided by CPLR § 5201, in which the Defendants have an interest, to the extent such interest, and upon any debts in which Defendants claim a right as will satisfy at least the sum of Plaintiff's minimum recovery in this action, $21,092,213.00, including, but not limited to:

2

(a) a 35% interest in the Non-Convertible Note issued by Harvest Natural Resources, Inc., in favor of CT Energy Holding SRL on June 19, 2015;

(b) a 35% interest in the Convertible Note, issued by Harvest Natural Resources, Inc., in favor of CT Energy Holding SRL on June 19, 2015, and converted to 8,667,597 shares of Harvest Natural Resources common stock on September 15, 2015;

(c) the ~~terminals and~~ bunkers ~~and other real property~~ with title belonging to or in the name of CT Energia, CTFG, ~~or Alessandro Bazzoni~~, enumerated in Schedule A, attached to this Order;

(d) the bank accounts in Defendants' names located in New York, enumerated in Schedule B, attached to this Order;

(e) any other property in the names of CTFG & CTEL ~~Defendants' names~~ or in which those Defendants have an interest.

**IT IS FURTHER ORDERED** that Plaintiff shall post an undertaking of $10,000, of which the total amount is on condition that Plaintiff pays Defendants' costs and damages, including reasonable attorneys' fees, that may be sustained by reason of this Preliminary Order of Attachment if it is decided that Plaintiff is not entitled to an attachment of the property described above and are ordered to compensate Defendants;

**IT IS FURTHER ORDERED** that having been served this Order, pursuant to CPLR § 6219, garnishees are directed to acknowledge in a writing to the U.S. Marshal, also served on Plaintiff, within five days after levy, that the debt and property attached herein will be held on behalf of the U.S. Marshal such that you, your agents, subdivisions, servants, officers, employees, and attorneys, and all persons in possession of the property and/or debts described above, and all persons acting in concert or participation with the foregoing, and all persons receiving actual notice of this Preliminary Order of Attachment, will refrain from directly or

3

indirectly transferring, or ordering, directing, or requesting or assisting in the transfer, or in any other way affective the value of, any such property or debt.

**IT IS FURTHER ORDERED**, pursuant to CPLR §§ 6211(b), 6212(b), that Plaintiff shall file with the Court, and serve upon all Defendants, a motion to confirm the Preliminary Order of Attachment, along with any affidavits and exhibits, within **10 days** after service of the levy hereunder on Defendants and/or garnishees.

The Complaint is hereby ORDERED unsealed.

**IT IS SO ORDERED.**

Dated: November 17, 2015
New York, New York

_____
United States District Judge

4

# SCHEDULE A

**Defendants' Ownership Interest in Out-of-State Property:**

Terminals located in:

1. Dominican Republic
2. Venezuela
3. Panama
4. Peru



Bunkers:

1. 500 East Broward Boulevard, Suite 2400, Fort Lauderdale, Florida 33394
2. Cragmuir Chambers, Road Town, Tortola, British Virgin Islands
3. Baarerstrasse 135, 1st Floor, 6301, Zug, Switzerland
4. Suite 11-1, Jalan 9123E, Taman Danau Kota, Kuala Lumpur, Malaysia
5. ~~Panama~~

Real Property:

1. 285 Colonial Lane, Palm Beach, Florida, 33840

5

## SCHEDULE B

**Bank Accounts Associated with Defendants**

1. JPMorgan Chase Bank, N.A. New York
   270 Park Avenue
   New York, NY 10017
   Account Holder: Alessandro Bazzoni
   Account Number: 530735954

2. JPMorgan Chase Bank, N.A. New York
   270 Park Avenue
   New York, NY 10017
   Account Holder: Cinque Terre Energy Partners LLC
   Account Number: 906421904

3. Deutsche Bank Trust Company Americas New York
   60 Wall Street
   New York, NY 10005
   Account Holder: Cinque Terre Panama Trading
   Account Number: 1250000028

4. Bank of America, N.A. New York
   One Bryant Park
   115 W. 42nd Street
   New York, NY 10036
   Account Holder: Ruben Alejandro Goldstein / Cinque Terre Energy Partners LLC
   Account Number: 1465130995