UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTAURO LIQUID OPPORTUNITIES MASTER FUND, L.P.,

Plaintiff,

- against -

ALESSANDRO BAZZONI, CINQUE TERRE FINANCIAL GROUP, LTD., CT ENERGIA LTD., and CT ENERGIA LTD. d/b/a ELEMENTO LTD.,

Defendants.

15 Civ. 9003 (LTS) (SN)

**REPLY MEMORANDUM IN FURTHER SUPPORT OF ELEMENTO LTD.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Elemento seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) and for failure to state a claim pursuant to Rule 12(b)(6). Both prongs turn on Plaintiff's inability to establish its alter ego relationship between its contractual counterparty, CTEL-BVI, and Elemento.

Plaintiff has failed to plead, much less evidence, even a single event in which Elemento[1] was used to shield an asset belonging to CTEL-BVI. This deficiency alone should be sufficient to dismiss Plaintiff's alter ego allegation as against Elemento. But Elemento has done more. In its opening papers, Elemento presented substantial documentary evidence, which is both unrefuted and irrefutable, demonstrating that it is not—and has never been—CTEL-BVI's alter ego. That evidence, establishes, among other things, that:

- Elemento was properly established under Malta law;

[1] Defined terms have the same meaning as in Elemento's opening brief.

- Elemento was capitalized solely by a $30 million investment and loan made by corporate members of the Cisneros Group of companies, rather than from assets of CTEL-BVI;
- All of Elemento's activities have been funded solely by the proceeds of this capitalization, rather than assets from the CTEL-BVI;
- Mr. Bazzoni ceased serving as director of Elemento on August 18, 2016; and
- Since February 7, 2017, Elemento has been a wholly owned subsidiary of CISA, a corporate member of the Cisneros Group of companies.

In connection with Elemento's jurisdictional challenge under Rule 12(b)(2), Plaintiff was obligated to rebut this evidence in order to establish a prima facie case of personal jurisdiction. Plaintiff failed even to engage this evidence, much less make the required prima facie showing.

Instead, Plaintiff filed a brief long on bluster, misdirection, and misstatements of law, based on supposition mislabeled as "fact." So baseless are many of the averments that for some Plaintiff abandons any pretense and stops providing citations.

Beyond Plaintiff's inability to sustain personal jurisdiction, it remains that Plaintiff's suppositions are insufficient to state substantive claims for liability based on alter ego.

For these reasons, those that follow, and those set forth in Elemento's opening papers, the Court should dismiss the Amended Complaint as against Elemento under Rules 12(b)(2) and (6).

**ARGUMENT**

Plaintiff confuses and conflates the different standards dismissal under Rule 12(b)(6) and Rule 12(b)(2). Under Rule 12(b)(6) a court generally is limited to the pleading itself. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."). By contrast, under Rule 12(b)(2), a court may consider both the complaint and other evidence to determine whether the plaintiff has made a

prima facie case for personal jurisdiction. *See Alki Partners, L.P. v. Vatas Holding GmbH*, 769 F. Supp. 2d 478, 487 (S.D.N.Y. 2011), *aff'd*, 472 Fed. Appx. 7 (2d Cir. 2012) (explaining that on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) the Court may to "look to evidence outside the pleadings").

Against these standards, Rule 12(b)(6) compels dismissal: *the allegations in the Amended Complaint* are insufficient to state a claim *as against Elemento*[2]; and Rule 12(b)(2) compels dismissal: *Elemento's proffered evidence* conclusively establishes that Plaintiff cannot establish a prima facie case for personal jurisdiction.

## I. THE COURT SHOULD DISMISS THE AMENDED COMPLAINT AS AGAINST ELEMENTO UNDER RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM

Plaintiff's sole theory of liability against Elemento depends entirely on its ability to plead (and prove) an alter ego relationship. Plaintiff fails utterly to clear its pleading burden.

As a preliminary matter, Plaintiff incorrectly asserts that BVI law governs its alter ego claims against Elemento. Plaintiff's allegations are not that Elemento abused CTEL-BVI's corporate form directly. Instead, it alleges that Mr. Bazzoni is the hub and both CTEL-BVI and Elemento are otherwise unrelated spokes. *See* Am. Compl. ¶ 44 (alleging that creation of Elemento and shielding of assets through Elemento was done "through Bazzoni"). Whether Mr. Bazzoni is the alter ego of Elemento, however, is determined by reference to Malta law. *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) ("[U]nder New York choice of law principles, the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders.") (internal quotation marks omitted).

[2] Plaintiff disputes Elemento's right to have the Court consider its arguments in this motion because the Court made determinations with respect to the sufficiency of the claims in the Amended Complaint when allowing Plaintiff's motion for leave to amend its pleading. Elemento of course was not a party at that time and had no opportunity to oppose Plaintiff's motion to amend. But now it is a party and is thus entitled to challenge the sufficiency of Plaintiff's claims under Rule 12(b)(6) and to offer evidence not previously before the Court showing that the Amended Complaint should be dismissed under Rule 12(b)(2).

Earlier in this action other defendants submitted a declaration from an expert on Malta law explaining Malta alter ego law. *See generally* Sullivan Decl. Ex. D. Given the similarities between Malta alter ego law and New York alter ego law, Elemento relied on New York cases in its opening papers as being instructive, not binding, on the issue of alter ego. Plaintiff does not challenge the proffered analysis of Malta law.

But which law applies is irrelevant in this case. All three jurisdictions require that the alter ego company be used to evade obligations to the Plaintiff. *See* Sullivan Decl. Ex. D (explaining that under Malta law, in order to hold a defendant liable under an alter ego theory of liability, a plaintiff must first show that, "a company is used by an individual for fraudulent purposes, for example in order to evade personal obligations or to commit an act he would not be permitted to perform in his personal capacity"); Memorandum Opinion and Order, dated Sept. 30, 2016, ECF 107 (explaining that under BVI/English law, courts "will pierce the corporate veil when the corporate form is used as a way to evade prior, existing responsibilities."); *MWH Int'l, Inc. v. Inversora Murten, S.A.*, No. 11 Civ. 2444 (GHW), 2015 U.S. Dist. LEXIS 24129, at *38 (S.D.N.Y. Feb. 11, 2015) ("New York law requires the party seeking to pierce a corporate veil to make a two-part showing: (i) that the owner exercised complete domination over the [company] with respect to the transaction at issue; and (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil.").

Plaintiff's alter ego allegations fail under the laws of all three jurisdictions. As set forth in Elemento's opening papers, Plaintiff's speculative and wholly conclusory allegations that Mr. Bazzoni used Elemento to evade CTEL-BVI's obligations to Plaintiff are insufficient to state a claim against Elemento. The Amended Complaint pleads *no facts whatsoever* to support its assertion that Mr. Bazzoni created Elemento in an effort to shield assets from Plaintiff, and more

fundamentally, it does not identify a single asset that Mr. Bazzoni allegedly shielded from Plaintiff through Elemento.

Plaintiff's claims fail regardless of whether Rule 9(b) applies—which it does. *See Soviet Pan Am Travel Effort v. Travel Comm., Inc.*, 756 F. Supp. 126, 132 (S.D.N.Y. 1991) (dismissing alter ego-based claims for fraud for failure to meet Rule 9(b) particularity standard).[3] Even under Rule 8(a), conclusory recitations of the elements of alter ego liability are insufficient to state a claim: in order to state a claim for relief based on an alter ego theory of liability, a plaintiff must plead particularized factual support for its alter ego allegations. *See Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 15 (2d Cir. 2014) (holding the complaint's "generalized and conclusory allegations regarding common ownership, employees, management, control, and decision making" to be "plainly insufficient to state a claim of alter ego status"); *Arctic Ocean Int'l, Ltd. v. High Seas Shipping, Ltd.*, 622 F. Supp. 2d 46, 54 (S.D.N.Y. 2009). Plaintiff's alter ego theory of liability thus falls of its own weight.

Finally, Plaintiff's attempt to rely on Mr. Rothenberg and Mr. Bazzoni's invocation of the Fifth Amendment at their depositions in order to transform its alter ego allegations from "possible" to "plausible" is improper. As explained above, the sufficiency of the Amended Complaint under Rule 12(b)(6) is determined solely by reference to the allegations therein.[4] *See DiFolco*, 622 F.3d at 111.

---

[3] *In re Currency Conversion Fee Antitrust Litig.*, 265 F. Supp. 2d 385 (S.D.N.Y. 2003) is not to the contrary. There, the court merely explained that alter ego can be used to hold a defendant liable for non-fraud-based claims and fraud based claims and that Rule 8(a) applies to the former while Rule 9(b) applies to the latter. *See id.* at 425-26.

[4] Even if Plaintiff's reliance were proper, the substantial evidence showing that Elemento is not the alter ego of Mr. Bazzoni or CTEL-BVI easily overcomes any adverse inference that might be drawn from the witnesses' silence at their depositions. If a witness invokes the Fifth Amendment in a civil case, "the adverse inference that may be drawn will be only one of a number of factors the factfinder will consider . . . and w*ill be given no more evidentiary value than the facts of the case warrant*." *United States v. Dist. Council*, 782 F. Supp. 920, 925-26 (S.D.N.Y. 1992) (internal quotation marks omitted) (emphasis added).

The Amended Complaint should be dismissed for failure to state a claim.

## II. THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Plaintiff cannot make a prima facie case for personal jurisdiction in the face of the overwhelming evidence that Elemento was never the alter ego of CTEL-BVI (including at the time Plaintiff filed its Amended Complaint, which is the relevant point in time for determining personal jurisdiction).

Since its formation, Elemento's activities were funded exclusively by the $30 million Financing provided by companies directly or indirectly owned by Ricardo Cisneros, the negotiations for which began in September 2015, even before Elemento was formally established, and even before this lawsuit was commenced. *See* Cisneros Decl. ¶¶ 5-10 and 12; Galanti Decl. ¶¶ 4-7, Exs. A-D. That $30 million Financing was agreed in December 2015 and funded early 2016. *See id.* Once Elemento was funded, Cedaridge was vested with authority to veto any material transaction. *See* Jensen Decl. Exs. A-C. Neither Mr. Bazzoni nor CTEL-BVI transferred any assets to Elemento; all that it had came from Cedaridge. *See* Cisneros Decl. ¶ 12. Within months of funding, Mr. Bazzoni had left his roles as Director of Elemento and Director of Elemento's parent company, CTEO&G. *See* Galindez Decl. ¶¶ 12-18. Then in early 2017, the Financing was converted to CISA's 100 percent ownership interest of Elemento. *See* Cisneros Decl. ¶ 13 Galindez. ¶ 17; Jensen Decl. Ex. D. Before the Cisneros loan and the working capital it represented, Elemento was in corporate limbo and had no operations. Thus, Elemento represented new money and new ownership, distinct from the makers of the Note. This is the antithesis of facts supporting alter ego liability.

Plaintiff fails almost entirely to engage the evidence that Elemento proffered. Instead, Plaintiff alleges inconsistencies in the evidence, but identifies none. And it asserts that

Elemento's declarants, Mr. Galindez and Ms. Galanti, provide no basis for testifying about events predating their tenure; yet both aver reliance on Elemento's books and records kept in the ordinary course of business. *See* Galindez Decl. ¶ 2; Galanti Decl. ¶ 3.

Plaintiff's tepid challenge to the evidence is patently insufficient to meet its obligation to establish affirmatively a prima facie showing of personal jurisdiction. In response to a Rule 12(b)(2) motion, "jurisdiction must be shown affirmatively, and *that showing is not made by drawing from the pleadings inferences favorable to the party asserting it*. As such, a court may rely on evidence outside of the pleadings, including declarations submitted in support of the motion and the records attached to these declarations." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 616 (S.D.N.Y. 2012) (internal citations and quotation marks omitted, emphasis added). Plaintiff does not even try to affirmatively establish personal jurisdiction.

Instead of engaging the evidence, Plaintiff disputes Elemento's right to submit the evidence. This is nonsense. *See, e.g.*, *AmTrust Fin. Servs. v. Lacchini*, 260 F. Supp. 3d 316, 326 (S.D.N.Y. 2017) (relying in part on defendant's declaration in dismissing complaint for lack of personal jurisdiction); *Karoon v. Credit Suisse Grp. AG*, No. 15 Civ. 4643, 2016 U.S. Dist. LEXIS 24480, at *4-5 (S.D.N.Y. Feb. 29, 2016) (explaining that the "Court need not accept as true allegations controverted by the defendant's affidavits" on Rule 12(b)(2) motion); *Bouchard v. La Parmigiana S.R.L.*, No. 5:15-cv-0865, 2016 U.S. Dist. LEXIS 1413, at *13 (N.D.N.Y. Jan. 7, 2016) (holding on Rule 12(b)(2) motion that Defendant's "Declaration demonstrates that there is no basis for exercising personal jurisdiction"); *Brown v. City of N.Y.*, No. 10-CV-5229 (ENV) (ALC), 2013 U.S. Dist. LEXIS 89955, at *22 (E.D.N.Y. June 13, 2013) (dismissing under Rule 12(b)(2) motion because of "detailed reasons" in defendants' declarations). Elemento's

evidentiary proffer therefore is proper and the Court may rely on that evidence to dismiss the Amended Complaint for lack of personal jurisdiction over Elemento without further discovery.

To the extent that Plaintiff complains about the quantum of proof, Plaintiff appears to be unhappy that there is so much evidence undermining its unsupported allegations of wrongdoing. The only response to that is, "too bad."

Finally, Plaintiff twists Judge Netburn's denial of Elemento's request to stay discovery to argue that Judge Netburn effectively held that this motion could not be decided until after discovery. Judge Netburn merely held that discovery should proceed contemporaneously with motion practice, as is standard in this District. Judge Netburn did not hold that the Court could not grant this motion before discovery is completed.

For these reasons, the Amended Complaint should be dismissed as against Elemento pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## III. THE COURT SHOULD DENY ANY REQUEST FOR LEAVE TO REPLEAD YET AGAIN

Plaintiff's claim that it has a basis to assert additional claims, including conspiracy and RICO claims, is mere bluster. Tellingly, Plaintiff does not seek to amend its pleading in response to this motion, nor does it even explain what the bases for these supposed claims would be. If those contemplated claims are to be based on Mr. Bazzoni's alleged business with another member of the Cisneros family, Oswaldo Cisneros, or in connection with "Harvest Natural Resources," it is unclear what the basis for liability against Elemento would be. Neither Cedaridge, CISA, nor Ricardo Cisneros have an economic interest in or financial ties to Harvest Natural Resources. *See* Sullivan Decl. Ex. S at A-8. Plaintiff offers no evidence to the contrary. The Financing had no connection, direct or indirect, to Harvest Natural Resources. *See id.* Plaintiff offers no evidence to the contrary.

The futility of any further amendment by Plaintiff is obvious from the lack of particularized allegations in the Amended Complaint and Plaintiff's failure to proffer any evidence in support of its alter ego theory of liability (or any other claim) in response to this Motion. Of course, the evidence that Elemento submitted in connection with this Motion definitively demonstrates that Elemento is not the alter ego of CTEL-BVI. Any request for leave to replead therefore should be denied. *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 71-72 (2d Cir. 1996) (explaining court properly may dismiss a complaint without leave to replead "when a party has been given ample prior opportunity to allege a claim").

**CONCLUSION**

For the foregoing reasons, and those set forth in its initial moving papers, Elemento respectfully requests that the Court dismiss the Amended Complaint as against Elemento, with prejudice, and grant such other and further relief as is just and appropriate.

Dated: New York, New York
February 1, 2018

**SULLIVAN & WORCESTER LLP**

By: /s/Michael T. Sullivan
Michael T. Sullivan
Jeffrey R. Gleit
Allison Weiss
Clark A. Freeman

1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile: (212) 660-3001
msullivan@sandw.com
jgleit@sandw.com
aweiss@sandw.com
cfreeman@sandw.com

*Attorneys for Defendant Elemento Ltd.*