

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

June 15, 2018

**VIA ECF**

Hon. Sarah Netburn
United States Magistrate Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Centauro Liquid Opportunities Master Fund L.P. v. Bazzoni*,
               No. 15 Civ. 9003 (LTS) (SN)

Dear Judge Netburn:

      On behalf of defendant Elemento Ltd. ("Elemento"), we write to oppose plaintiff's application for a pre-motion discovery conference on its contemplated motion to compel the production of certain categories of documents.  ECF 193.  The Court should deny Plaintiff's application for two reasons.  First, Plaintiff's underlying claims to the documents are devoid of merit.  Second, Plaintiff has waived any right to the relief it seeks in the application, made a week before the discovery deadline (now twice extended).

**I.**      **Background**

      A.      The Litigation in a Nutshell.

      As it pertains to Elemento, Plaintiff's case is predicated on an alleged alter ego relationship among defendant CT Energia Ltd., a BVI company ("CTEL-BVI"), defendant Alessandro Bazzoni ("Bazzoni"), and Elemento.  Plaintiff alleges: (1) in May 2015 CTEL-BVI signed a promissory note in Plaintiff's favor in recognition of a prior debt; (2) Bazzoni owns and is the alter ego of CTEL-BVI; and (3) rather than pay the note, Mr. Bazzoni formed Elemento in Malta at the end of 2015 to shield CTEL-BVI's assets from Plaintiff.  *See* Am. Compl. ¶¶ 43- 49.

      At this stage, however, there is no basis for Plaintiff to pursue its alter ego theory.  It is undeniable that Elemento was funded solely with funds—$30 million—provided by a third party, Cedaridge Investments SA ("Cedaridge"), a company affiliated with the Cisneros Group.  Plaintiff has been provided with the deal documentation confirming Cedaridge's investment, as well as bank account statements confirming Elemento's receipt of those funds in February and March 2016, before which Elemento did no business.  Plaintiff also has deal documentation establishing that as of February 2017 Elemento was completely owned by CISA Holdings Limited ("CISA"), another Cisneros enterprise.  This evidence (and more) has been submitted to the Court in connection with Elemento's motion to dismiss.  *See generally* ECF 168-72, 175-76.

Hon. Sarah Netburn
June 15, 2018
Page 2

B. <u>The Timeline: How Plaintiff Came to File Its Application at the Eleventh Hour</u>.

On December 7, 2017, this Court directed the parties to proceed with discovery pending Elemento's motion to dismiss. *See* ECF 159.

On February 23, 2018, two-and-a-half months later, Plaintiff served its document requests (the "Requests").

On March 30, 2018, Elemento served its Responses and Objections to Plaintiff's First Requests for Production of Documents ("Elemento's Response"). *See* ECF 193, Plaintiff's Letter, Ex. A. Elemento asserted extensive objections, and specifically invited Plaintiff in the text of the objections to "promptly meet and confer in good faith to narrow and tailor the request[s] in a way that is proportionate to the needs of the case." *See id.*

Elemento's invitation was met with silence.

On May 8, 2018, Elemento made its first and largest production of documents. The production included many documents which were responsive to the Requests that are the subject of the application, but which were limited to the period before Elemento was acquired by CISA.

On May 23, 2018, nearly two months after Elemento served its Responses, Centauro responded to Elemento's March 30 invitation and sought to meet and confer regarding Elemento's Responses. *See* ECF 193, Plaintiff's Letter, Ex. B.

On May 24, 2018, counsel for Plaintiff and Elemento conferred by telephone and email regarding the Responses.

On May 25, 2018 Plaintiff narrowed the date range for some of its Requests, but not as to others. *See id.*

On May 29, 2018, Elemento reiterated its objection to those Requests as which Plaintiff refused to adjust the date range. *See id.*

Despite being aware of Elemento's position since May 29, 2018, Plaintiff waited until June 11, 2018, to submit its letter to this Court, such that this responsive letter is due today, two business days before the close of fact discovery.

II. **Argument**

A. <u>Plaintiff is Not Entitled to the Documents it Seeks</u>.

Elemento's objections to the Requests in dispute are proper, and Plaintiff's application should be denied.

In its Responses, Elemento objected to Request Nos. 16-20 and 22, which Plaintiff refers to as the "Bazzoni Requests." The Bazzoni Requests seek, for example: "[a]ll documents and communications concerning Bazzoni's relationship with [Elemento] or its affiliates as an agent,

Hon. Sarah Netburn
June 15, 2018
Page 3

consultant, counterparty, or advisor (formal or informal)." *See* Request No. 18. Elemento objected to the Bazzoni Requests as, among other things, not proportional to the needs of the case, vague ambiguous, and grossly overbroad, not the least because they are not limited in time to the formation and initial operations of Elemento before the CISA acquisition, which is all that is conceivably relevant to Plaintiff's claims.

Elemento also objected to Request Nos. 24-25, 28-29, 30, and 34, which Plaintiff refers to as the "Oil Requests". The Oil Requests seek, for example: "[a]ll documents and communications concerning [Elemento's] planned or actual business outside of oil trading, including strategy documents; roadmaps, customer, supplier, or client lists; internal communications; external communications; and transactions." *See* Request No. 25. Elemento objected to the Oil Requests as, among other things, irrelevant to the allegations in the Amended Complaint and beyond the scope of discovery, and relating to matters that occurred after CISA acquired Elemento.

Elemento's objections are valid, including as to the date range, which is the focus of Plaintiff's application.

The Requests far exceed the scope of the allegations in the Amended Complaint, and the scope of discovery under Rule 26(b)(1). The story told in the Amended Complaint is simple and straightforward (albeit wrong): Mr. Bazzoni shut down CTEL-BVI to avoid paying Plaintiff, formed Elemento in Malta, and transferred CTEL-BVI's assets to Elemento to shield them from Plaintiff. The requests go far beyond that, seeking documents relating to activities unrelated to Elemento's financing and initial operations.

Elemento has responded with evidence that it was independently financed but operated by Mr. Bazzoni from very end of 2015 until February 2017. In February 2017, Elemento was acquired by CISA, cutting off any possible alter ego liability.

Consistent both with Plaintiff's allegations and Elemento's own evidence offered in its various motion papers, Elemento has provided Centauro with financial and other records from the beginning of 2016 through the CISA acquisition. For example, Elemento has produced complete bank statements for the only two bank accounts that Elemento maintained during the period January 2016 through February 2017, as well as other records, including interim financial reports (*see, e.g.*, ECF 170-3), spreadsheets tracking wire instructions, budgets, and emails. These documents allow Plaintiff to test Elemento's claim that neither Bazzoni nor CTEL-BVI contributed assets to Elemento. But the scope of discoverable information ends there.

Finally, Plaintiff's tepid assertion that documents beyond the date of CISA's acquisition of Elemento are relevant to test the statements of various declarants is easily dispatched. Post-acquisition documents relating to Bazzoni are irrelevant to the alter ego argument. For obvious reasons, documents from 2017 are irrelevant to whether Mr. Bazzoni's decision to form Maltese companies in 2015 was largely motivated by tax implications. And also for obvious reasons, documents from 2017 are irrelevant to what type of oil trading business Elemento was intended to engage in when initially conceived in 2015.

Hon. Sarah Netburn
June 15, 2018
Page 4

Documents from after CISA's February 2017 acquisition of Elemento being irrelevant, they are beyond the scope of discovery, and Plaintiff's application to compel the same would have no basis. A conference therefore is not necessary.

B.     <u>Plaintiff has Waived the Right to the Relief it Seeks</u>.

Relevance of the documents aside, Plaintiff has waived the right to the relief it seeks as its eleventh-hour application is untimely and Plaintiff has provided no reasonable justification for its delay.

A motion to compel may be denied as untimely if made when resolution is not possible before expiration of the discovery deadline and the movant fails to show good cause for not raising the issues earlier. *See Colon v. City of New York*, No. 12 Civ. 9205 (JMF), 2014 U.S. Dist. LEXIS 116148, at *8-9 (S.D.N.Y. Aug. 20, 2014). In *Colon*, the plaintiff filed a letter motion seeking the court's intervention in four outstanding discovery disputes the day before the close of discovery. *Id*. at *6. As in this case, the *Colon* court had previously extended the discovery deadline and indicated that the parties should not expect further extensions. *See id*. at *5. The *Colon* court denied the motion as untimely, noting that the plaintiff had "fail[ed] to show good cause for failure to raise these issues in a more timely fashion that would have enabled the Court to have addressed them" prior to the close of discovery. *See id.* at *7-8. The *Colon* court further noted that "it was incumbent upon Plaintiff to raise the issues with the Court before the proverbial eleventh hour." *See id.* at *8. The facts of this case echo those of *Colon*.

***First***, Plaintiff's delay in making the application for a conference on its contemplated motion to compel renders it impossible for the Court and the parties to adequately address the issues prior to the June 18, 2018 discovery cut off. *See Colon*, 2014 U.S. Dist. LEXIS 116148 at *5. In addition, Plaintiff's delay in seeking judicial intervention is directly in contravention of the Court's Order that discovery be "completed" by June 18, 2018. *See* ECF 184. To grant Plaintiff's application would be tantamount to extending the discovery deadline as a direct result of its delays.[1]

***Second,*** Plaintiff has not shown good cause for its failure to present these issues to the Court in a more timely fashion. Plaintiff implies that it did not make its application earlier because the application is based on information only learned during the June 5, 2018, deposition of Ms. Liana Galanti, a part-time (8 hours per week) Elemento employee who currently manages Elemento's finances and books. That excuse rings hollow. Ms. Galanti testified that she has seen Mr. Bazzoni copied on some "general business" emails and certain "vendor" related emails "sometimes" (not "regularly" as Plaintiff submits). *See* ECF 193, Plaintiff's Letter, Ex. D. That's it. But none of this is news: in its Motion to Dismiss on December 26, 2017 (ECF 175-76), Elemento made clear that Mr. Bazzoni remained involved in its affairs, noting that "[h]is insight and knowledge are valued." *See* Galindez Decl. ¶ 18, ECF 193, Plaintiff's Letter, Ex. E.

---

[1] *See Geller v. North Shore Long Island Jewish Health Sys.*, No. CV 10-170 (ADS)(ETB), 2011 U.S. Dist. LEXIS 129751, at *16 (E.D.N.Y. Nov. 9, 2011) ("[I]t appears that plaintiffs' counsel did nothing to attempt to resolve the parties privilege dispute for a period of six months . . . when on the eve of the close of discovery, plaintiffs sought leave to move to compel the production of the disputed documents and requested a further extension of discovery. Such unreasonable delay on the plaintiffs' part warrants a denial of the request to extend discovery.").

Hon. Sarah Netburn
June 15, 2018
Page 5

***Third***, the Court should consider Plaintiff's delay in pursuing discovery.  As noted above, Plaintiff delayed serving its Requests for almost two and a half months, delayed responding to Elemento's Responses for nearly two months, and delayed seeking judicial intervention for almost two weeks.

Because of Plaintiff's failure to diligently pursue discovery and its lack of a reasonable explanation for failure to raise the issue prior to the eleventh-hour, Plaintiff has waived the right to the relief it seeks.

### III.   Conclusion

For the foregoing reasons, Elemento respectfully requests that the Court deny Plaintiff's application.

We thank the Court for its attention.

    Respectfully submitted

    /s/Michael T. Sullivan

    Michael T. Sullivan

cc:     All counsel of record, via ECF