

June 11, 2018

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/15/2018__

<u>Via Electronic Filing</u>

Hon. Sarah Netburn
United States Magistrate Judge
United States District Court
  for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

      Re: *Centauro Liquid Opportunities Master Fund, L.P. v. Bazzoni, et al.,* No. 15-cv-9003 (LTS) (SN)

Dear Judge Netburn:

      I write on behalf of Plaintiff Centauro Liquid Opportunities Master Fund, L.P. ("Centauro") to request a pre-motion discovery conference, pursuant to Local Rule 37.2 and Your Honor's Individual Practices in Civil Cases ¶ II(c).  The parties have conferred as required by Your Honor's Individual Practice in Civil Cases ¶ II(c), and while they were able to narrow the disputed issues, Defendant CT Energia Ltd. d/b/a Elemento Ltd. ("Elemento") nevertheless insists on applying an overly narrow date restriction, ending on or around December 31, 2016, to certain of Centauro's document requests.  This restriction is unsupported by the record.  To the contrary, Elemento's own declarants have offered factual assertions that go to the end of 2017, which Centauro is entitled to "to test." *A.F.L. Falck S.p.A. v. E.A. Karay Co.*, 131 F.R.D. 46, 48 (S.D.N.Y. 1990).  Accordingly, Centauro contends that December 31, 2017 is the appropriate end date for the requests at issue.

## Background

      On February 23, 2018, Centauro issued document requests to Elemento (the "Requests"). In its March 30, 2018 Responses and Objections (the "R&Os"), Elemento objected to numerous Requests, including:

- Requests concerning Defendant Alessandro Bazzoni's communications with certain Elemento key persons and Bazzoni's involvement with Elemento's and its affiliates' business.  (Requests 16-20 and 22) (the "Bazzoni Requests"); and

- Requests concerning Elemento Ltd.'s oil-related business (Request 24-25, 28-29, 30, and 34) (the "Oil Requests").

For both categories, Elemento refused to produce documents "[d]ue to the vagueness and gross overbreadth of the request."  Exhibit A, Defendant Elemento Ltd.'s Responses & Objections to Plaintiff's First Set of Requests for Production (Mar. 30, 2018).

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue, New York, NY 10022 | (t) 212 446 2300 | (f) 212 446 2350 | www.bsfllp.com



Hon. Sarah Netburn, 15-cv-9003
June 11, 2018
Page 2

On May 1, Centauro and Elemento met and conferred about deposition scheduling and confidentiality issues. Centauro and Elemento met and conferred again on May 24, 2018, to discuss the Requests and other discovery issues. Regarding the Requests to which Elemento was objecting to producing documents, Elemento expressed a concern with the date range. It claimed that Elemento ceased to be owned or controlled by Mr. Bazzoni around the end of 2016, and that documents beyond that date would not be relevant. Centauro agreed to circulate a proposal narrowing the date range for the objected-to requests, where possible.

On May 25, 2018, Centauro circulated a proposal that restricted the date range to January 1, 2015, through December 31, 2016, for twenty of the requests to which Elemento had objected (Requests 4-15, 21, 23, 36-37, 45-46, 50, and 52). *See* Exhibit B, Email Exchange between David Barillari and Clark Freeman (May 29, 2018). But Centauro explained that a longer date range was required for the Bazzoni Requests and the Oil Requests, especially because Elemento's own declarants had testified to Mr. Bazzoni's post-2016 involvement with Elemento and to Elemento's post-2016 oil trading. *See id.* For these requests, Centauro proposed a three-year range of January 1, 2015, through December 31, 2017. Elemento responded on May 29, 2018, asserting that it "continues to object to [the Bazzoni Requests and the Oil Requests] as overbroad." *Id.*

On June 5, 2018, Centauro deposed Elemento's financial manager Liana Galanti, who has also submitted a declaration on Elemento's behalf in this case. According to Ms. Galanti's declaration, she joined Elemento in March 2017, Exhibit C, Decl. of Liana Galanti, ECF No. 170, ¶ 1 (Dec. 21, 2017) ("Galanti Decl."), four months after the date when Elemento claims that it came under new management. However, Ms. Galanti testified that she regularly sees Mr. Bazzoni copied on Elemento emails dealing with "day-to-day business." Exhibit D, Deposition of Liana Galanti, Excerpt of Rough Transcript 48:16, 22 ("Galanti Rough Tr. Excerpt"); *see id.* at 48:9-23.

## Argument

The Bazzoni Requests and the Oil Requests pertain directly to assertions made by Elemento's own declarants, they are tailored to Centauro's alter ego claims, and Elemento's own financial manager has testified to the existence of responsive documents. As such, documents within the three-year date-range Centauro has proposed are relevant and are "proportional to the needs of this case." Rule 26(b)(1).

*First,* Elemento's own declarations show that the Bazzoni Requests and Oil Requests are relevant. "Information is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Accordingly, when one party to a dispute has made a factual or legal assertion, the opposing party is "entitled" to discovery "to test this assertion." *A.F.L. Falck S.p.A.*, 131 F.R.D. at 48; *see also Williams v. Fire Sprinkler Assocs. Inc.*, 2017 WL 1155771, at



\*7 (E.D.N.Y. Mar. 27, 2017) ("[T]he Court finds that the issue of whether Defendants employed at least 15 individuals during the period of Plaintiff's employment is relevant since Defendant has interposed this as an affirmative defense.").

Elemento has put in sworn declarations in this case and on the public docket in the separate bankruptcy proceeding for defendant Cinque Terre Financial Group Ltd. ("CTFG"), *In re Cinque Terre Fin. Grp. Ltd.*, No. 16-bk-11086 (Bankr. S.D.N.Y. filed Apr. 27, 2016), that offer factual assertions about Mr. Bazzoni's ongoing involvement with Elemento and Elemento's ongoing oil-related activities.

Regarding the Bazzoni Requests: on December 22, 2017, Carlos Galindez (an Elemento director) offered a declaration on Elemento's behalf in this case, in which he stated, "Mr. Bazzoni's continued involvement with Elemento is limited and sporadic. His insight and knowledge are valued, but he has no formal affiliation with the company." Exhibit E, Decl. of Carlos Galindez, ECF No. 171, ¶ 18 (Dec. 22, 2017) ("2d Galindez Decl."). In the CTFG bankruptcy, Mr. Galindez has also claimed, in a sworn declaration, that Mr. Bazzoni's decision "in 2015" to form Maltese companies – including CT Energia Ltd. (*i.e.*, Elemento) – "was largely motivated by tax implications." Exhibit F, Declaration of Carlos Galindez ¶ 2 (July 6, 2017), *filed within* Declaration of Jeffery R. Gleit, Exhibit A, *In re Cinque Terre Fin. Grp. Ltd.*, No. 16-11086, ECF No. 167-1, pp.53-57 (Sept. 13, 2017) ("1st Galindez Decl."); *see id.* at ¶ 3. Mr. Galindez's statements span events from 2015 through the date of his second declaration, December 22, 2017. Accordingly, the three-year period for the Bazzoni Requests is appropriate.

The Oil Requests are similarly relevant to assertions made by Mr. Galindez. He claims that Mr. Bazzoni intended "to create a new oil and gas business," *id.* ¶ 2, with CT Energia Ltd. (*i.e.*, Elemento), *id.* ¶ 3. Another Elemento declarant, Eduardo Cisneros, has asserted that this "Malta oil trading business" was not intended to engage in the same business opportunities as Bazzoni's British Virgin Islands ventures, Exhibit G, Decl. of Eduardo Cisneros, ECF No. 169, ¶ 6 (Dec. 21, 2017), which include Defendant CT Energia Ltd. (BVI).

Centauro is entitled to examine the basis of Elemento's factual assertions, particularly when Mr. Galindez has stated that there has been overlap between Elemento's business and Mr. Bazzoni's businesses. *See* Exhibit E, 2d Galindez Decl. ¶ 22 (noting that Elemento conducted oil trading using a registration number associated with Mr. Bazzoni's work in the BVI). Given that this overlap occurred in 2017, a December 31, 2016 cut-off date would unreasonably exclude relevant evidence.

*Second*, Centauro's requests are relevant to the alter ego claims in this case. Centauro alleges that Elemento (whose name used to be CT Energia Ltd.) is an alter ego of identically-named Defendant CT Energia Ltd. (a BVI company). Amended Compl., ECF No. 129, ¶¶ 43-49 (Sept. 8, 2017). Centauro further alleges that Mr. Bazzoni controlled both entities and used Elemento to avoid a preexisting debt owed to Centauro. *Id.* Courts recognize that an "alter ego claim . . . necessarily requires a very broad-based factual inquiry into the records, finances, and ownership of" the defendant. *Sentry Ins.*, 2012 WL 3288178, at \*11. When liability turns on a



Hon. Sarah Netburn, 15-cv-9003
June 11, 2018
Page 4

veil-piercing theory, and the discovery sought goes to the elements thereof, "the marginal utility of such discovery [is] high." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016), *reconsideration denied*, 2016 WL 2605247 (S.D.N.Y. Apr. 29, 2016).

Here, the Bazzoni Requests seek Mr. Bazzoni's communications with certain high-level Elemento employees and directors – Richard Rothenberg, its chief financial officer and director; Carlos Galindez, another director; Liana Galanti, its financial manager; Francisco D'Agostino, a purportedly former director – as well as certain persons associated with Cisneros Corporation or Cedaridge Investments SA, which purportedly invested in Elemento.  *See* Exhibit A, Request 22. They also seek documents concerning Mr. Bazzoni's role in, compensation from, and ownership of, Elemento and its affiliates.  *See id.* Requests 16-20.

These documents and communications are directly relevant to Mr. Bazzoni's purpose in creating CT Energia Ltd. in Malta (*i.e.*, Elemento) and his domination of Elemento.  Moreover, if Elemento is correct that Mr. Bazzoni's involvement is "limited and sporadic," Exhibit E, 2d Galindez Decl. ¶ 18, then the burden of producing these documents should be minimal. Likewise, the Oil Requests seek information relevant to the overlap between CT Energia Ltd. (BVI) and Elemento.  *See* Exhibit A, Request 24.  The relevance of the Bazzoni Requests and the Oil Requests to the alter ego claim "mak[es] the marginal utility of such discovery high" for Rule 26's proportionality analysis.  *In re MBTE Prod. Liab. Litig.*, 180 F. Supp. at 280 n.43.

*Finally*, the testimony of Ms. Galanti is "sufficient to show that [the] requested discovery is no mere fishing expedition."  *Seneca Beverage Corp. v. Healthnow New York, Inc.*, 200 F. App'x 25, 28 (2d Cir. 2006).  At her recent deposition Ms. Galanti testified she has been copied on emails with Mr. Bazzoni concerning "the general business, the day-to-day business that goes through" Elemento.  Exhibit D, Galanti Rough Tr. 48:21-23; *see id.* 48:9-23.  Ms. Galanti has previously declared that she began working at Elemento in March 2017.  Exhibit C, Galanti Decl., ¶ 1.  Thus, any emails she received on which Mr. Bazzoni was copied occurred well after Elemento's proposed cut-off period.  None of these emails have been produced, despite their obvious relevance to this case and their responsiveness to both the Bazzoni Requests and the Oil Requests.

A conference to discuss this discovery dispute is scheduled for Thursday, June 21, 2018, at 12:00 p.m. in Courtroom 219, Thurgood Marshall Courthouse, 40 Foley Square, New York, New York. The parties are ORDERED to meet and confer once more in advance of the conference and make every effort to resolve the dispute themselves. If the parties are able to resolve the dispute without the Court's intervention, they must notify the Court immediately.
**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

June 15, 2018
New York, New York



Hon. Sarah Netburn, 15-cv-9003
June 11, 2018
Page 5

        Respectfully submitted,

        /s/

        Byron Pacheco, Esq.
        *Counsel for Plaintiff*

Copies to:

Counsel of record (via ECF)