

July 13, 2018

Via Electronic Filing

Hon. Laura Taylor Swain
United States District Court
  for the Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re: *Centauro Liquid Opportunities Master Fund, L.P. v. Bazzoni, et al.*, No. 15-cv-9003 (LTS) (SN)

Dear Judge Swain:

    I represent plaintiff Centauro Liquid Opportunities Master Fund, L.P. ("Centauro"), and I write with the consent of the parties to respond jointly to the Court's July 5, 2018 Order (ECF No. 206). Below are the parties' positions on facts related to Centauro's motion to amend the order of attachment (ECF No. 149) that they contend are material and disputed.

    **Plaintiff Centauro**

    Defendant CT Energia Ltd. ("CTEL") signed a promissory note (the "Note") agreeing to repay Centauro over $21 million in funds that its affiliate, defendant Cinque Terre Financial Group, Ltd. ("CTFG") owed. After doing so, and after defaulting on that obligation, CTEL's owner and CEO, defendant Alessandro Bazzoni, caused the creation of an identically named entity, "CT Energia Ltd.", to be formed under Maltese law. After Centauro obtained an order of prejudgment attachment in this lawsuit against CTEL, Bazzoni caused the second CTEL to rename itself "Elemento". When asked deposition questions, including about the second CTEL/Elemento, Bazzoni invoked his Fifth Amendment privilege against self-incrimination. Likewise the CFO of CTEL (also a director / manager of the second CTEL/Elemento) invoked his Fifth Amendment privilege against self-incrimination. None of this is disputed.

    After discovering the second CTEL, with the same name, same employees, same ownership, and same general oil trading operations as Note-maker CTEL, Centauro moved for leave to amend its complaint to name the Maltese entity as an alter ego, as well as Bazzoni himself. The Court granted that motion, and the amended complaint was filed on September 8, 2017. A little over two months later, Centauro filed the instant motion, seeking to include the new alter ego defendants, "Elemento" and Bazzoni, into the existing order of attachment.

BOIES SCHILLER FLEXNER LLP

575 Lexington Avenue, New York, NY 10022 | (t) 212 446 2300 | (f) 212 446 2350 | www.bsfllp.com



Hon. Laura Taylor Swain, 15-cv-9003: Order on Oral Argument
July 13, 2018
Page 2

  For purposes of this motion, the core dispute is whether Centauro is likely to prevail on its underlying claims that Elemento is an alter ego of CTEL, and that CTEL is an alter ego of Bazzoni. Based on the above undisputed facts alone, Centauro would likely prevail on these claim if put before a jury.

  Setting aside those undisputed facts, Centauro understands that Elemento has proffered the following alleged facts in its opposition to Centauro's motion to amend the order of attachment. Elemento's central defense is that it cannot be an alter ego of CTEL because its funding did not come from Centauro and instead came from companies associated with the Cisneros family. Factually this is a red herring, and legally it is irrelevant. Centauro has never claimed that its funds were used to fund Elemento's operations, nor is the fact of Elemento's funding source somehow legally dispositive. Elemento also claims that it cannot be an alter ego of CTEL because after this Court issued an order of attachment as to CTEL, Bazzoni's name was removed as a director, and after Centauro sought leave to amend its complaint, Bazzoni's shares in Elemento were purportedly transferred to companies associated with the Cisneros family (for which Bazzoni purportedly earned $0). In particular, Centauro disputes the following facts, which are material to the issues before the Court in this motion:

- "By late September 2015, Mr. Bazzoni and others, including Richard Rothenberg, had determined to establish a new oil trading business based in Malta and to that end, began discussions with persons associated with Ricardo J. Cisneros." Elemento Ltd.'s Memorandum of Points and Authorities In Opposition to Plaintiff's Motion to Amend the Order of Attachment (ECF No. 167), at 4.

- "The Shareholders' Agreement establishes Cedaridge's right to appoint two of four allowed directors to CTEO&G's board of directors. This is significant because the Shareholders' Agreement also requires unanimous board of directors approval for essentially all business decisions of or regarding either CTEO&G or Elemento, including, for example, the commitment to any business transaction." *Id.* at 6.

- "These documents make clear that (i) neither Mr. Bazzoni nor CTEL-BVI transferred any funds to Elemento and (ii) prior to funding by Cedaridge, Elemento conducted no business." *Id.* at 6-7.

- "None of the Financing proceeds was directly or indirectly related to or sourced from Mr. Bazzoni. *See* Cisneros Decl. ¶ 12." *Id.* at 7.

- During the first half of 2016, Mr. Bazzoni's BVI businesses were involved in a number of adverse events about which this Court is aware. As a result, organizational and management steps were taken to eliminate any risk of



- confusion with those BVI entities. Among other steps, the names of both Malta entities were changed: On or about July 25, 2016, CTEO&G became Elemento Oil & Gas Ltd; and CT Energia Ltd. became Elemento Ltd." *Id.* at 7.

- "While Messrs. Bazzoni and D'Agostino remained involved in the business as valued consultants and advisors, their roles were reduced and their appointments were terminated." *Id.* at 7.

- "By the end of 2016, the relevant parties agreed to a substantial, fundamental change: Cisneros would convert his debt to full equity ownership of Elemento." *Id.* at 7.

- "This transaction terminated Messrs. Bazzoni and D'Agostino's ownership and management interest in Elemento." *Id.* at 8.

- "This penalty was appropriate because it was wrong for Elemento to have used CTFG's registration to bid for the Naphtha Fuel. Indeed, an Elemento employee subsequently was terminated. But the transaction was a non event from the perspective of CTFG: CTFG itself, then in the midst of bankruptcy/insolvency proceedings and without funds, was in no position to bid on and purchase oil from PetroPeru auction; and Elemento paid PetroPeru solely with its own money, the proceeds of the Financing." *Id.* at 10.

- "Similarly, plaintiff also falsely asserted that 'CT Energia Ltd. d/b/a Elemento Ltd. issued to Centauro' the Note. Elemento, of course, was not a maker of the Note upon which plaintiff's claims depend." *Id.* at 11.

Centauro understands that Defendant Alessandro Bazzoni incorporated by reference the arguments from Elemento's opposition brief. *See* Alessandro Bazzoni's Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Order of Attachment (ECF No. 164), at 2. Defendant Bazzoni also proffered the following additional alleged facts in his opposition to Centauro's motion to amend the order of attachment. Centauro disputes each of them.

- "[T]here is no evidence, and Plaintiff fails to argue, that Bazzoni ever incurred liability to Centauro, let alone prior to the creation of CTEL BVI." *Id.* at 2.

- "The Promissory Note lacks consideration . . . ." *Id.* at 4.



Hon. Laura Taylor Swain, 15-cv-9003: Order on Oral Argument
July 13, 2018
Page 4

### **Defendants Alessandro Bazzoni and CT Energia Ltd.**

Defendant Alessandro Bazzoni ("Bazzoni") respectfully submits that there are no disputed material facts as to the issues of whether (a) he is or was purportedly the alter ego of CT Energia Ltd. (BVI) ("CTEL BVI"), and (b) Plaintiff established a likelihood of success on the merits on its breach of contract claim against CTEL BVI. Indeed, the indisputable facts establish that Bazzoni was not such an alleged alter ego, and Plaintiff's breach of contract claims fails for lack of consideration. Accordingly, Plaintiff's Motion to Amend the Attachment Order should be denied.

**First**, as to alter ego, it cannot be disputed that there is no evidence, and Plaintiff fails to argue, that Bazzoni ever incurred any liability to Centauro, let alone prior to the creation of CTEL BVI. This fact alone is a ground for the Court to deny Plaintiff's entire Motion as to Bazzoni under the alter-ego standards pursuant to the laws of the British Virgin Islands ("BVI").

**Second**, also as to alter ego, Centauro argues that Bazzoni misused CTEL BVI by allegedly creating CTEL Malta, which allegedly has identical personnel, operations, and corporate structure as CTEL BVI. However, Centauro submits zero actual evidence of these purported facts and merely relies upon conclusory assertions by counsel. On the other hand, Bazzoni testified that CTEL BVI did not have "operations" because "CTEL [BVI] was just a company that was created for marketing purpose[s]," and "did not have any activity in terms or related to ... the purchase and sale of oil ...." (*See* Exhibit A of the Declaration of Matthew G. DeOreo at p. 16, lines 15-21; *see also id.* at p. 43, lines 15-22). CTEL BVI "never bought or sold oil ever." (*Id.* at p. 55, lines 17-18; *see also id.* at p. 65, lines 8-9, p. 66, line 19-21). Bazzoni further testified that Defendant Cinque Terre Financial Group, Ltd. ("CTFG") created CTEL BVI so that CTFG could use another name for marketing purposes because the name "Cinque Terre Financial Group was too complicated and did not reflect what was the business, what was the core business of the company." (*Id.* at p. 23, lines 8-20; *see also id.* at p. 31, line 14 to p. 32, line 16l p. 82, line 22 to p. 83, line 5, p. 89, lines 12-17). Bazzoni also testified that he never used funds of CTEL BVI to pay for his personal expenses (*Id.* at p. 113, lines 10-19). Plaintiff has offered no evidence to the contrary and thus, these facts are undisputed.

**Third**, as to the breach of contract claim against CTEL BVI, the Promissory Note is unenforceable with respect to CTEL BVI – and therefore its alleged alter egos – for lack of consideration. The Promissory Note allegedly arises from a September 14, 2009 Joint Venture Agreement ("JVA") between Centauro and CTFG – not CTEL BVI. (Plaintiff Ex. 18 at Ex. A). Specifically, Plaintiff alleges that the debt created pursuant to the Promissory Note was to purportedly compensate Centauro for capital invested in the joint venture between CTFG and Centauro. However, Centauro had no right to recover such lost capital from CTEL because CTEL was not a party to the JVA, and Centauro alone was responsible for lost capital pursuant to the clear terms of the JVA. (Plaintiff Ex. 18 at Ex. A, p.5, § 2.2.2). The JVA also clearly insulated CTFG from liability on, among other things, the loss of profits and revenue. (*Id.* at §



Hon. Laura Taylor Swain, 15-cv-9003: Order on Oral Argument
July 13, 2018
Page 5

4.3).  Importantly, CTEL was not formed until May 9, 2013 (Plaintiff Ex. 20)– nearly 3⅔ years after the JVA was executed, and thus, the JVA could not – and did not – impose any obligations on CTEL.  Given that neither CTEL BVI nor CTFG had any obligation whatsoever to return to Centauro any Deal Capital lost pursuant to the JVA, neither CTEL BVI nor CTFG owed any pre-existing debt to Centauro to be discharged by Centauro as legal consideration for the Promissory Note.  Moreover, CTEL BVI never executed the Promissory Note as a Guarantor for CTFG.

**Fourth**, Bazzoni's Memorandum of Law cites to numerous quotes from Yvonne Morabito's (Centauro's alleged sole general partner) deposition which further establish indisputable facts that there was no consideration for the Promissory Note, especially as to CTEL BVI.

### Defendant CT Energia Ltd. d/b/a Elemento Ltd. ("Elemento")

Defendant Elemento Ltd. ("Elemento") respectfully submits that there are no disputed material facts as to the issue of whether Elemento is the alter ego of CT Energia Ltd. (BVI) ("CTEL BVI").

There are, however, allegations upon which plaintiff bases its application for preliminary relief against Elemento that are either (i) unsupported by any evidence in the record or (ii) conclusively disproven by the evidence that Elemento submitted in its opposition papers.  For example, plaintiff has not shown and cannot show that "there exists and all relevant times mentioned in the Amended Complaint has existed a unity of interest and ownership between" CTEL-BVI and Elemento.  (Am. Compl. ¶ 43; Pl. Mem. at 4-5).  Plaintiff has not shown and cannot show that CTEL-BVI and Elemento are owned and controlled by defendant Mr. Bazoni.  (Pl. Mem. at 4-5; Am. Compl. ¶ 43).  Plaintiff has not shown and cannot show that Elemento and CTEL-BVI were "principally engaged in the same" business or had identical "personnel, operations, and corporate personnel."  (Pl. Mem. at 4-5; Am. Compl. ¶ 43).  Plaintiff has not shown and cannot show that CTEL-BVI created Elemento.  (Pl. Mem. at 4; Am. Compl. ¶ 44).  Plaintiff has not shown and cannot show that Mr. Bazzoni owns and controls Elemento.  (Pl. Mem. at 4-5; Am. Compl. ¶ 44).  Plaintiff has not shown and cannot show that Elemento is owned by CT Energia Holding.  (Pl. Mem. at 4-5; Am. Compl. ¶ 45).  Plaintiff has not shown and cannot show that Elemento failed to maintain its corporate separateness from CTEL-BVI (or any other defendant).  (Pl. Mem. at 4-5; Am. Compl. ¶ 46).

Elemento therefore disputes that plaintiff has shown a probability of success on the merits of its alter ego theory of liability against Elemento, the sole predicate for the claims against Elemento, and plaintiff's motion should be denied.



Hon. Laura Taylor Swain, 15-cv-9003: Order on Oral Argument
July 13, 2018
Page 6

                                                      Respectfully submitted,

                                                      /s/ *Byron Pacheco*
                                                     Byron Pacheco
                                                     Boies Schiller Flexner LLP
                                                     *Counsel for Plaintiff Centauro*

Copies to: Counsel of Record (via ECF)