UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

CENTAURO LIQUID OPPORTUNITIES
MASTER FUND, L.P.,

      Plaintiff,

  -v-                                      No. 15 CV 9003-LTS-SN

ALESSANDRO BAZZONI, et al.,

      Defendants.

-------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

Plaintiff Centauro Liquid Opportunities Master Fund, L.P. ("Centauro") brings this action for fraud and breach of contract arising principally from a Promissory Note executed by two of the named corporate defendants: Cinque Terre Financial Group Ltd. ("CTFG") and CT Energia Ltd. ("CTEL"). This action is stayed as against CTFG because of an active bankruptcy proceeding, and nothing in this Memorandum Opinion and Order constitutes an adjudication of CTFG's rights or defenses. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

On September 30, 2016, this Court granted in part and denied in part motions to dismiss filed by then-named Defendants Alessandro Bazzoni, CT Energia Holding, Ltd. ("CT Energia Holding"), CT Energy Holding SRL, and CTVEN Investments SRL ("CTVEN"). (See docket entry no. 107, the "September Opinion.") Among other things, the Court dismissed the Complaint as against Bazzoni, CT Energia Holding, CT Energy Holding SRL, and CTVEN because the Complaint did not establish that the Court had personal jurisdiction over those defendants. (Id. at 13.) The Court also granted Centauro permission to file a motion for leave to

amend its Complaint in light of the dismissals.  (Id.)  On August 28, 2017, the Court granted in part and denied in part Centauro's motion for leave to amend, permitting Centauro to file a proposed Amended Complaint asserting claims against Bazzoni and CT Energia Ltd. d/b/a Elemento Ltd. ("Elemento") as alter egos of CTEL.  (See docket entry no. 126, the "August Opinion.")  Centauro filed its Amended Complaint on September 8, 2017.  (Docket entry no. 129, the "AC.")  The Amended Complaint asserts breach of contract and fraudulent inducement claims against CTFG, CTEL, Bazzoni, and Elemento.  (Id. ¶¶ 50-72.)

Elemento now moves to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (Docket entry no. 175.)  The Court has reviewed carefully the parties' submissions and, for the reasons stated below, Elemento's motion to dismiss is denied.

BACKGROUND

The Court assumes the parties' familiarity with the background of this case, which is laid out in detail in the August and September Opinions. (September Opinion at. 3-5; August Opinion at 2-4.)  The allegations of fact underlying Centauro's claims for alter ego liability are materially unchanged from the proposed Amended Complaint filed in connection with Centauro's motion for leave to amend, and the Court adopts the factual recitation from the August Opinion relating to those claims.  Specifically, Centauro alleges that this Court has personal jurisdiction over Bazzoni and Elemento because they are alter egos of Defendant CTEL, which consented to the jurisdiction of New York courts in the Promissory Note.  (AC ¶¶ 5-6.)  With respect to Elemento, the AC alleges that CTEL and Elemento are principally engaged in the same oil trading ventures, using the same offices, email accounts, revenue streams, and personnel, including Richard Rothenberg, Mark Walker, and Albert Alpha.  (AC ¶¶ 43, 46.)  The

AC also alleges that Bazzoni, the sole owner of CTEL, also owns and controls Elemento, an entity that he formed after CTEL executed the Promissory Note in May 2015. (AC ¶ 43, 44.) Centauro alleges that Bazzoni changed Elemento's name from CT Energia Ltd. to Elemento in July and August 2016, after this action was filed, to shield Elemento from liability to Centauro. (AC ¶ 44.) Centauro also alleges that Elemento's assets and profits ultimately flow back to CTEL through Bazzoni, who has used CTEL's accounts to purchase personal property and pay for personal expenses. (AC ¶¶ 45, 48.)

## DISCUSSION

Elemento's Motion to Dismiss for Lack of Personal Jurisdiction

On a motion to dismiss a complaint for lack of personal jurisdiction, "[a] plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to bring suit." Troma Entm't, Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) (internal quotation marks and citation omitted). Centauro alleges that Elemento is an alter ego of CTEL, and is thus subject to personal jurisdiction under New York law. CTEL does not contest that it is subject to personal jurisdiction under New York State law. (See September Opinion at 6.) "[A]lter egos are treated as one entity" for jurisdictional purposes. Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc., 933 F.2d 131, 142-43 (2d Cir. 1991). Therefore, to resolve the issue of personal jurisdiction, the Court must determine whether Plaintiff has sufficiently alleged that Elemento is an alter ego of CTEL.

The Court adopts by reference the explanation of the legal requirements for establishing alter ego liability that was provided in detail in the September Opinion. (September Opinion at 6-9.) In the September Opinion, the Court concluded that the law of the British Virgin Islands ("BVI"), where CTEL is incorporated, governs the assessment of Plaintiff's alter

ego theory.[1] (Id. at 7.) Under BVI law, a plaintiff seeking to pierce the corporate veil must allege that defendant misused a corporate façade, and that the misuse occurred after the liability arose. (See id.) Here, the AC alleges sufficient facts to make a prima facie showing that Elemento is the alter ego of CTEL and its sole owner Bazzoni such that the exercise of personal jurisdiction is appropriate. As the Court noted in the August Opinion, the AC alleges that Elemento is wholly owned and controlled by Bazzoni, and that Bazzoni created Elemento after the instant action was filed to divert resources from CTEL and shield that entity from liability to Centauro. (AC ¶¶ 11, 44-46.) The AC also alleges that CTEL and Bazzoni are the ultimate beneficiaries of the revenues and profits flowing to Elemento, and that Elemento and CTEL "share offices, email accounts, personnel, financial accounts, and revenue streams from oil transactions," among other things. (AC ¶¶ 38, 45-46.) The AC further alleges that Bazzoni has used the corporate assets of CTEL to pay for Bazzoni's personal expenses and personal property. (AC ¶ 48.)

Elemento proffers factual affidavits and other written material in support of its argument that Elemento was never the alter ego of CTEL. These materials purport to demonstrate that Elemento, originally named CT Energia Ltd., was established in October 2015 as a wholly owned subsidiary of non-Defendant CT Energia Holding. (Docket entry no. 168, Sullivan Decl. Ex. GG; docket entry no. 171, Galindez Decl. ¶ 7.) Elemento argues that, at the

---

[1] Elemento incorrectly argues that Maltese law governs the assessment of Plaintiff's alter ego theory because Elemento is incorporated under the laws of Malta. Elemento's argument misinterprets the AC, which asserts that Elemento is an alter ego of CTEL. (See AC ¶ 12.) Thus, the relevant question is whether CTEL's corporate form will be disregarded, not Elemento's. In this context, the law of the state where CTEL is incorporated governs because "the state of incorporation has the greater interest in determining when and if that insulation is to be stripped away." See Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 (2d Cir. 1993) (internal quotation marks and citation omitted).

time Elemento was established, Bazzoni was the sole shareholder of CT Energia Holding and, therefore, the sole owner of Elemento. (Sullivan Decl. Ex. DD.) In January 2016, ownership of Elemento was transferred to non-Defendant CT Energia Oil & Gas, Ltd. ("CTOG"). (Sullivan Decl. Ex. HH; Galindez Decl. ¶ 7.) At the time of the transfer, CTOG was also wholly owned by Bazzoni. (Sullivan Decl. Ex. DD.) In March 2016, Bazzoni caused CTOG to issue shares to an individual named Francisco D'Agostino, at which time Elemento became jointly owned by Bazzoni and D'Agostino. (Sullivan Decl. DD; Galindez Decl. ¶ 7.) Elemento also proffers additional factual information regarding a $30 million financing of Elemento's activities in January 2016 by Cedaridge, an entity owned by Ricardo Cisneros. (See docket entry no. 169, Cisneros Decl. ¶¶ 4, 10-12, 15; docket entry no. 170, Galanti Decl. ¶¶ 4-7; Galindez Decl. ¶¶ 8-9.) Elemento contends that it did not conduct any substantial business activity before receiving the Cedaridge funding. (Galanti Decl. ¶ 6; Galindez Decl. ¶¶ 10-11.) Elemento also contends that, in August 2016, Bazzoni and D'Agostino resigned as directors of CTOG and Elemento. (Sullivan Decl. Ex. FF, JJ; Galindez Decl. ¶¶ 14-15.) Elemento alleges that Bazzoni and D'Agostino's ownership interest in Elemento was terminated in February 2017 when CTOG sold its 100% ownership interest to CISA Holdings Limited, another company owned by Ricardo Cisneros. (Sullivan Decl. Ex. KK; Cisneros Decl. ¶ 4; Galindez Decl. ¶ 17.) Elemento avers that Mark Walker and Albert Alpha are not employed by Elemento and that, other than Richard Rothenberg, there are no employees of Elemento who were also employees of CTEL. (Galindez Decl. ¶ 28.)

Centauro does not directly controvert Elemento's factual proffers, but argues that consideration of Elemento's factual material is improper at this stage. Centauro also argues that, even if consideration of supplemental factual material were appropriate at this stage, Elemento's

affidavits are undermined by the deposition testimony of Bazzoni and Rothenberg, who both invoked their Fifth Amendment privilege when asked about CTEL and Elemento's structure, finances, and relationship with one another, thus entitling Centauro to an adverse inference.

Although a court may consider materials outside the pleadings in connection with a motion to dismiss for lack of personal jurisdiction, a district court "has considerable procedural leeway" in deciding such motions. Dorchester Fin. Sec. Inc. v. Banco BRJ, S.A., 722 F.3d 81, 84 (2d Cir. 2013). Prior to the close of discovery, "a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction." Id. at 85 (internal quotation marks and citation omitted). Because discovery had not concluded at the time Elemento's motion was filed, the Court declines to consider at this stage the factual material proffered by Elemento in connection with its motion. Because Centauro's allegations are sufficient to make a prima facie showing that Elemento is the alter ego of CTEL, Elemento's motion to dismiss for lack of personal jurisdiction is denied at this time.

Elemento's Motion to Dismiss for Failure to State a Claim

Elemento separately moves to dismiss the AC for failure to state a claim for alter ego liability with respect to Elemento. Under the Rule 12(b)(6) standard, the Court accepts as true the non-conclusory factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007).[2] As explained above, the AC alleges

---

[2] Elemento argues that, because Centauro's alter ego claim sounds in fraud, it must also meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement. Although Centauro alleges that Elemento was created by CTEL and Bazzoni for the purpose of evading liability, Centauro does not allege that Elemento itself engaged in any fraudulent conduct. Thus, Centauro's alter ego claim is not subject to the particularly requirement

sufficient facts to state a prima facie claim for alter ego liability.  Accordingly, and for substantially similar reasons, Elemento's motion to dismiss the Amended Complaint for failure to state a claim is denied.

## CONCLUSION

For the foregoing reasons, Elemento's motion to dismiss the Amended Complaint is denied.  This Memorandum Opinion and Order resolves docket entry no. 175.  This case remains referred to Magistrate Judge Netburn for general pre-trial management.

SO ORDERED.

Dated: New York, New York
July 20, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

---

of Rule 9(b).  See McBeth v. Porges, 171 F. Supp. 3d 216, 234 (S.D.N.Y. 2016) ("[W]here an alter ego claim does not sound in fraud, it is not subject to the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure.").