UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CENTAURO LIQUID OPPORTUNITIES           :
MASTER FUND, L.P.                       :
                                        :
                Plaintiff,   :
                                        :   15 Civ. 9003 (LTS) (SN)
       - against -                    :
                                        :
ALESSANDRO BAZZONI, CINQUE              :   **ELEMENTO LTD.'S ANSWER**
TERRE FINANCIAL GROUP, LTD.,            :   **TO AMENDED COMPLAINT**
CT ENERGIA LTD., and CT ENERGIA         :
LTD. d/b/a ELEMENTO LTD.,               :   JURY TRIAL DEMANDED
                                        :
                Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Defendant Elemento Ltd. ("Elemento"), by its attorneys, Sullivan & Worcester LLP, for its Answer to Plaintiff's Amended Complaint avers as follows:

## NATURE OF THE ACTION

       1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1, except admits that Plaintiff Centauro Liquid Opportunities Master Fund, L.P. ("Centauro") seeks to recover upon an alleged promissory note.

       2.    Denied, except admits that entities named CT Energia Ltd., CT Energia Holding Ltd., and CT Energia Old and Gas Ltd. were formed in Malta, and CT Energia Ltd. was renamed Elemento.

       3.    Denied, except admits that Centauro asserts claims for breach of contract and fraudulent inducement.

## JURISDICTION AND VENUE

       4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5.

6. Denied.

7. Denied.

## THE PARTIES

<u>Centauro Liquid Opportunities Master Fund, L.P.</u>

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

<u>Cinque Terre Financial Group, Ltd.</u>

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

<u>CT Energia Ltd.</u>

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

<u>CT Energia Ltd. d/b/a Elemento Ltd. (sic)</u>

11. Denied, except admits that Elemento, whose original name was CT Energia Ltd. ("CTEL-Malta"): was established in Malta in October 2015 as a wholly owned subsidiary of CT Energia Holding Ltd., whose sole shareholder at that time and for a brief time thereafter was Alessandro Bazzoni, and that on or about July 25, 2016, when formed, was named CT Energia Ltd., and subsequently changed its name from CTEL-Malta to Elemento.

12. Denied, except admits that Centauro purports to sue Elemento in its alleged capacity as an alter ego.

Alessandro Bazzoni

13. Denied, except denies knowledge or information sufficient to form a belief as to the allegations regarding Alessandro Bazzoni's citizenship and relationship with CTFG and CT Energia Ltd. (BVI) and with respect to matters concerning the current condition ownership or control of CT Energia Holding.

14. Denied, except denies knowledge or information sufficient to form a belief as to the allegations concerning the current ownership or control of CT Energia Oil and Gas Ltd., except admits that pursuant to a resolution dated June 22, 2016 and received by Malta's Registry of Companies on or about July 18, 2016, CT Energia Oil and Gas Ltd. changed its name to Elemento Oil & Gas Ltd. ("EO&G") and that EO&G had a registered office at the address identified.

15. Denied.

## BACKGROUND

### The Joint Venture

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19, except respectfully refers the Court to the purported Joint Venture Agreement for its full contents.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20, except respectfully refers the Court to the purported Joint Venture Agreement for its full contents.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, except respectfully refers the Court to the purported Joint Venture Agreement for its full contents.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

### CTFG's Misappropriation of Centauro's Investment

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27.

### The Promissory Note

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31, except Elemento respectfully refers the Court to the purported Promissory Note for its full contents.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32, except Elemento respectfully refers the Court to the purported Promissory Note for its full contents.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 33, except Elemento respectfully refers the Court to the purported Promissory Note for its full contents.

### Defendants' Breach of the Promissory Note

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36.

37. Denied.

38. Denied.

### CTEL and CTFG Conspire to Fraudulently Induce the Note

39. Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42.

## Alter Ego Allegations

43. Denied.

44. Denied, except admits that CTEL-Malta (now, Elemento) was established in Malta on or about October 6, 2016, as a wholly owned subsidiary of CT Energia Holding Ltd., that pursuant to a resolution dated June 22, 2016 and received by Malta's Registry of Companies on or about July 19, 2016, CT Energia Oil and Gas Ltd., changed its name to Elemento Oil & Gas Ltd. *i.e.*, to EO&G, and that on July 25, 2016, CTEL-Malta changed its name to Elemento Ltd., *i.e.*, to Elemento.

45. Denied, except admits that in or about December 2015 CT Energia Holding Ltd. transferred 100 percent of the issued and outstanding shares in Elemento to EO&G.

46. Denied.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 47.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 48, except denies that Elemento is or has been the alter ego Alessandro Bazzoni, CTEL-BVI or any other entity.

49. Denied, except denies knowledge or information sufficient to form a belief as to the allegations regarding Alessandro Bazzoni's control over CT Energia Ltd. (BVI).

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**Breach of Contract for Default on Promissory Note**
**Against All Defendants**

50. Elemento repeats and realleges each of the foregoing paragraphs.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

### SECOND CAUSE OF ACTION
**Breach of Contract for Failure to Distribute Revenue**
**Against All Defendants**

56. Elemento repeats and realleges each of the foregoing paragraphs.

57. Denied.

58. Denied, except Elemento respectfully refers the Court to the purported Promissory Note for its full contents.

59. Denied, except Elemento respectfully refers the Court to the purported Promissory Note for its full contents.

60. Denied.

61. Denied.

62. Denied.

## THIRD CAUSE OF ACTION
### Fraudulent Inducement
### Against All Defendants

63. Elemento repeats and realleges each of the foregoing paragraphs.

64. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 65.

66. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 66.

67. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 67.

68. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 68.

69. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 69.

70. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 70.

71. Denied.

72. Denied.

## AFFIRMATIVE DEFENSES

Elemento asserts the following affirmative defenses. In asserting these defenses, Elemento does not assume the burden of proof with respect to any issues as to which the applicable law places the burden of proof upon Plaintiff. Elemento reserves the right to assert

additional defenses/and or supplement, alter and change its answer and/or its Affirmative Defenses based on information learned or developed during the case.

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims and requested relief are barred or limited, in whole or in part, by the doctrine of unclean hands.

### Third Affirmative Defense

The claims Plaintiff seeks to allege against Elemento are barred, in whole or in part, by the statute of limitations.

### Fourth Affirmative Defense

Plaintiff has not sustained any compensable damages for which Elemento may be liable.

### Fifth Affirmative Defense

The claims Plaintiff seeks to allege against Elemento are barred, in whole or in part, because the Court lack personal jurisdiction over Elemento.

### Sixth Affirmative Defense

The claims Plaintiff seeks to allege against Elemento are barred, in whole or in part, by Plaintiff's failure to mitigate its damages, if any.

WHEREFORE, Elemento prays for judgment as follows:

A. Dismissing the Amended Complaint with prejudice; and

B. For such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>August 3, 2018 | **SULLIVAN & WORCESTER LLP**<br><br>By: /s/Clark A. Freeman<br>    Michael T. Sullivan<br>    Clark A. Freeman<br><br>1633 Broadway<br>New York, New York 10019<br>Telephone: (212) 660-3000<br>Facsimile: (212) 660-3001<br>msullivan@sandw.com<br>cfreeman@sandw.com<br><br>*Attorneys for Defendant Elemento Ltd.* |