UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTAURO LIQUID OPPORTUNITIES
MASTER FUND, L.P.,

                          Plaintiff,

              vs.

ALESSANDRO BAZZONI, CINQUE TERRE
FINANCIAL GROUP, LTD., CT ENERGIA
LTD.,  and CT ENERGIA Ltd. d/b/a,
ELEMENTO LTD.,

                       Defendants.

Case No. 15-cv-9003 (LTS)

---

**LOCAL CIVIL RULE 56.1(b) OPPOSITION STATEMENT OF DEFENDANTS
ALESSANDRO BAZZONI AND CT ENERGIA LTD.**

In accordance with Local Civil Rule 56.1(b), Defendants Alessandro Bazzoni ("Bazzoni") and CT Energia Ltd. of the British Virgin Islands ("CTEL") respectfully submit the following responses to the alleged material facts of Plaintiff set forth in the Rule 56.1 Statement of Material Facts, dated September 28, 2018, of Plaintiff Centauro Liquid Opportunities Master Fund, L.P. ("Plaintiff" or "Centauro").

Bazzoni and CTEL specifically incorporate their Summary Judgment papers (Docket Nos.217-220) and the Summary Judgment papers of Defendant CT Energia Ltd. d/b/a, Elemento Ltd. ("CTEL-Malta" or "Elemento")(Docket Nos. 221-225, 228-229, and 231), all filed on September 28, 2018, as if fully set forth herein.

1

**"I.    Parties and Witnesses"**

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Admit.

7.      Deny.   CT Energia of Malta ("CTEL Malta") was registered in Malta by Adrian Mercieca, an authorized representative of CT Energia Holding Ltd. (Ex. 8 to the Summary Judgment Motion of Plaintiff ["P. Ex."], p. 8).

8.      Deny. Bazzoni, appearing  as  a  deposition witness on behalf of CTEL, pursuant to Fed.R.Civ.P. 30(b)6), explained that CTEL "did not have any activity in terms of or related ... to the purchase and sale of oil," "never bought or sold any oil or anything," and "was not an active company." (P. Ex. 7 at 16:13-20, 76:16, 77:24-78:1).  CTEL never had any employees and its name was used on emails purely for marketing purposes. (*Id.* at 42:19-22 and 104:21-106:20).

9.      Admit.

10.      Deny.  *See supra* at ¶ 8, and *infra* at ¶¶ 26-27.

11.      Deny. Goldstein was a contractor and head of trading.  *See infra* at ¶67.

12.      Admit.

13.      Deny.  *See infra* at ¶¶ 26, 29.

14.      Deny.  *See infra* at ¶ 68.

15.      Admit.

16.   Deny.  *See infra* at ¶¶ 26, 31.

17.   Admit.

18.   Admit.

19.   Deny. CTEL Malta was acquired by CISA Holdings Limited ("CISA"). (P. Ex. 16 at ¶¶ 1, 4, 10-14; see also 56.1 Statement of Elemento [Docket No. 229]["E.56.1"] at ¶ 41 and the exhibit[s] cited therein).

20.   Admit.

21.   Deny.  Carlos Galindez ("Galindez") was hired by CTEL Malta.  (P. Ex. 19 at p. 5:17-20).

**"II.   <u>CTEL's Employees</u>"**

22.   Admit, but CTEL did not conduct business but was used by CTFG for marketing purposes. *See infra* at ¶ 26.

23.   Deny. *See infra* at ¶ 26.

24.   Deny. *See infra* at ¶ 26.

25.   Deny. *See infra* at ¶ 26.

26.   Deny.

   a.   CTEL did not have employees or a budget because it was not an active company and only existed for marketing purposes.  *See supra* at ¶ 8.

   b.   Plaintiff has submitted no foundation for its Exhibit 28,which was produced by Plaintiff (not by any Defendant), and there are no facts in the record establishing that this exhibit is a budget of CTEL.

   c.   In fact, if Plaintiff Exhibit 28 was the attachment to the email at Plaintiff Exhibit 23, that email shows that this budget was entitled "Total SG_A

Budget 2015 **CTFG**"(emphasis added), and thus for CTFG. Plaintiff Exhibit 23 also contains business plans on CTFG letterhead, not letterhead of CTEL, and never mentions CTEL. While this business plan mentions "CTE," "CTE" is not defined therein.

d.     Plaintiff Exhibit 28 also lists purported salaries for persons possibly in "Fort Lauderdale" for the year 2015.

e.     One person listed on Plaintiff Exhibit 28 is "Goldstein," and Ruben Alejandro Goldstein ("Goldstein") testified that he was employed and paid by non-party Cinque Terre Energy Partners, LLC ("CTEP"), not by CTEL. (P. Ex. 12 at p. 22:18-21 and 38:15-17).  Another person listed on Plaintiff Exhibit 28 is "Walker," and Mark Walker testified that a company that he co-owned with his wife, Bunker Hill Funds Management, L.L.C. was paid by a "U.S. L.L.C" (*e.g.* CTEP), and that he was not paid personally as an employee. (P. Ex. 14 at pp. 9, 27-28).  Another person listed on Plaintiff Exhibit 28 is "Alpha," and Albert Alpha testified that the only "Cinque Terre" entity that he knew of was "CTFG," he does not know of CTEL, he was not employed by "Cinque Terre," he was a non-exclusive independent contractor for CTFG, and he provided other similar services for other companies not associated with CTFG.  (P. Ex. 15 at pp. 7-9, 12-13, 24, 79).

27.     Deny. Goldstein testified that he was employed and paid by non-party CTEP, not by CTEL. (P. Ex. 12 at p. 22:18-21 and 38:15-17). He testified that he was the Chief Operational Officer (COO) for the "the Cinque Terre entity that [he] worked at," namely CTEP.  (*Id.* at p. 50:23

to 51:13).

28.    Deny. Goldstein merely testified that his email was "Agoldstein@CTEnergia.com," but not that such email was an email address for CTEL. (P. Ex. 13 at p. 41:5-7). *See also supra* at ¶ 27.

29.    Deny. *See supra* at ¶ 26.

30.    Deny. *See supra* at ¶ 26.

31.    Deny. *See supra* at ¶ 26. Plaintiff Exhibit 27 refers to CTFG, not CTEL, and CTEL is not mentioned therein.

32.    Deny. *See supra* at ¶ 26. *See also* Plaintiff Exhibit 95, which does not support Plaintiff's statement at ¶ 32.

33.    Deny. *See supra* at ¶ 26.

34.    Deny. *See supra* at ¶ 26.

**"III.    The Promissory Note"**

35.    Deny.  Plaintiff Exhibit 30 states that Centauro and CTFG entered into a Joint Venture Agreement pursuant to the terms of that agreement.

36.    Deny.  Plaintiff Exhibit 31 (p. 1) states that the Promissory Note was executed as a means to repay Centauro Deal Capital, and that any dispute over Deal Capital was not resolved because Centauro was free to sue CTFG for lost Deal Capital until the Deal Capital was repaid.

37.    Deny. The Promissory Note is not enforceable for lack of consideration. Plaintiff Exhibit 31 (p. 1) states that Centauro suffered no detriment in executing it because Centauro was still free to sue CTFG under the Joint Venture Agreement, and neither CTFG nor CTEL received a benefit because CTFG could still be sued by Centauro for an alleged breach of the Joint Venture

5

Agreement, and Centuaro had no pre-existing rights against CTEL at the time of the Promissory Note. "The promissory note does not say that Centauro would forgive CTEL for any liability if its deal capital were returned." (Exhibit C to the Motion for Summary Judgment of Bazzoni and CTEL filed on September 28, 2018 at 169:3-7). "[T]he promissory note does not in any way reference deal capital provided by Centauro to CTEL." (*Id.* at 164:17-20).

38.     Admit.

39.     Admit.

40.     Admit.

41.     Admit..

42.     Deny. (P. Ex. 31, p. 1).

43.     Admit.

44.     Deny.  No payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

45.     Deny.  No payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

      a.     Admit the quoted text of the transcript was properly quoted but deny that payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

      b.     Admit the identity of the speakers.

      c.     Admit the quoted text of the transcript was properly quoted but deny that payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

    d.      Deny. Morabito does not mention CTEL in the quoted email. (P. Ex. 34).

    e.      Admit the quoted text of the transcript was properly quoted but deny that payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

    f.      Admit but deny that payments are due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37.

46.    Deny. § 2(c) of the Promissory Note reads as follows:

> During the term of this Note, the Makers covenant that all revenues generated from the operations of (i) any Maker, (ii) any entity majority-owned or otherwise controlled by any Maker or (iii) any other entity under common control with any Maker shall in each case be distributed to the Makers subject to (1) payment of all expenses incurred by such entity in connection with the generation of such operating revenue, (2) contractual distributions or payments to bona fide third party partners of any of the Makers of such other entities, (3) restrictions on such distributions or payments under applicable laws or (4) restrictions under applicable contractual arrangements with bona fide third partners or any of the Makers or such other entities with respect to the timing of such distributions or payments.  Notwithstanding the foregoing, Centauro shall have no security interest in or any other contractual or other interest in such revenues.

47.    Deny. *See infra* at ¶ 47(a-b).

    a.      Deny.  The identified Income Statement lists "Gross Profit" at 3,468,675 Euros and Shareholder Loans of 428,760 Euros and "Dividends paid" of negative 428,760. (P. Ex. 69).

    b.      Deny. Eduardo Cisneros testified that "revenue" was not the proper focus for Elemento because "the company is struggling" and "[w]e haven't been making money." (P. Ex. 17 at 27:19 to 28:5).

**"IV.    Establishment and Ownership of CTEL Malta**"

48.    Deny. No payments were due because the Promissory Note is not enforceable for lack of consideration. *See supra* at ¶37. CTEL Malta was registered in Malta by Adrian Mercieca, an authorized representative of CT Energia Holding Ltd., the sole shareholder of CTEL Malta at that time. (P. Ex. 8).

49.    Deny. The listed address is "85, St. John Street, Valletta VL T 1165, Malta, or at any other address in Malta as the Board of Directors may determine from time to time." (P. Ex. 8).

50.    Deny. The record does not reflect the date of the transfer of such stock of CT Energia Holding Ltd. (P. Exs. 8 and 54).

51.    Deny. The record does not reflect the date of such transfer and Plaintiff Ex. 55 does not state anything about "control" of CTEL Malta. (P. Ex. 55).

52.    Deny.  Plaintiff Exhibit 56 does not state that CT Energia Oil and Gas, Ltd. was formed by Bazzoni.

53.    Admit.

54.    Admit.

55.    Deny.  (E.56.1 at ¶¶ 39-42 and the exhibit[s] cited therein).

    a.    Deny. Joan Jensen is the Cisneros Corporation's General Counsel. (E.56.1 at ¶ 16).  Admit that the quoted text of Plaintiff Exhibit 61 was properly quoted.

56.    Deny.  (E.56.1 at ¶ 30 and the exhibit[s] cited therein).

    a.    Admit that the quoted text of Plaintiff Exhibit 60 was properly quoted.

**"V.   CTEL's and CTEL Malta's Address"**

57.     Deny.  Plaintiff Exhibit 24 was not drafted by any Defendant herein.  *See also supra* at ¶ 26.

58.     Deny.  *See supra* at ¶ 26.

59.     Deny.  Plaintiff Exhibits 8 and 74 merely state that Richard Rothenberg has a listed address of 500 E. Broward Blvd, Fort Lauderdale, FL 33394, not CTEL Malta.

60.     Admit that Plaintiff properly quoted Plaintiff Exhibits 10, 75 and 76.

61.     Deny.  *See supra* at ¶ 26.

62.     Admit.

**"VI.   CTEL's and CTEL Malta's Email Addresses"**

63.     Deny.  *See supra* at ¶ 26.

    a.     Deny.  *See* Plaintiff Exhibit 52 and *supra* at ¶ 26.

    b.     Deny.  *See supra* at ¶ 26.

    c.     Deny.  *See supra* at ¶ 26.

**"VII.  CTEL Malta's Employees"**

64.     Deny. *See* answers below for a-e:

    a.     Admit.

    b.     Admit.

    c.     Deny. Cisneros testified that he expected Bazzoni to have such role. (P. Ex. 17 at 43:12-13).

    d.     Deny.  Bazzoni merely wrote: "I do not want contract will work with them month by month." (P. Ex. 73).

     e.     Admit that Plaintiff properly quoted Plaintiff Exhibit 19.

     f.     Deny. Liana Galanti did not testify as to the time period of such emails. (P. Ex. 19 at 19:8-17).

     g.     Admit that Plaintiff properly quoted Plaintiff Exhibit 69.

     h.     Deny.  Bazzoni wrote "let's kindly work as a team ...." (P. Ex. 70).

65.     Deny. Cisneros did not testify that Bazzoni ran the day-to-day operations of CTEL Malta. (P. Ex. 17 at pp. 109-113).  Bazzoni does not control the day-to-day operations of CTEL Malta. (P. Ex. 94 at p. 3; P. Ex. 19 at pp. 16-28; E.56.1 at ¶¶ 61-67, 73).  Furthermore, "Bazzoni has received no payments of any kind from Elemento." (E.56.1 at ¶ 77).

     a.     Deny. Cisneros was testifying about a limited amount of wire transfers. (P. Ex. 17 at pp. 178-187).

     b.     Deny.  Cisneros testified that he did not "approve hirings of anyone." (P. Ex. 17 at 194:14-15).

     c.     Admit.

66.     Admit.

67.     Admit.

68.     Admit.

69.     Admit.

70.     Admit.

71.     Admit.

72.     Admit.

73.     Admit.

**"VIII.      Transition of CTEL's Employees to CTEL Malta**"

      74.     Admit.

      75.     Deny.  *See* P. Ex. 80.

**"IX.     CTEL's and CTEL Malta's Logos**"

      76.     Deny.  Plaintiff Exhibit 49 does not support Plaintiff's assertion.

      77.     Deny. *See supra* at ¶ 26.

      78.     Deny. *See supra* at ¶ 26.

      79.     Deny. *See supra* at ¶ 26.

      80.     Deny. *See supra* at ¶ 26.

**"X.      CTEL and CTEL Malta's Files**"

      81.     Deny. *See supra* at ¶ 26.

      82.     Deny. Plaintiff Exhibit 48 does not support its assertion.

**"XI.     CTEL's Trading Activity Generally**"

      83.     Deny. *See supra* at ¶ 26.

      84.     Deny. *See supra* at ¶ 26.

      85.     Deny. *See supra* at ¶ 26.

**"XII.   CTEL's Trading Activity with PDVSA**"

      86.     Deny. *See supra* at ¶¶ 26 and 37.

      87.     Admit that Plaintiff properly quoted Plaintiff Exhibit 17, but deny that Cisneros testified as to value.

      88.     Admit.

      89.     Deny.  CTEL is not mentioned in this discussion concerning product in Venezuala

(P. Ex. 42 at p. 20). *See also supra* at ¶ 26.

90.   Deny. *See supra* at ¶ 26.

    a.   Admit the quoted text of the transcript (P. Ex. 33) was properly quoted but deny that CTEL conducted business because CTEL was only a marketing name for CTFG. *See supra* at ¶ 26.  Plaintiff Exhibit 33 does not evidence that CTEL conducted any transaction.

    b.   Admit the quoted text of the transcript (P. Ex. 33) was properly quoted but deny that CTEL conducted business because CTEL was only a marketing name for CTFG. *See supra* at ¶ 26.  Plaintiff Exhibit 33 does not evidence that CTEL conducted any transaction.

    c.   Admit the quoted text of the transcript (P. Ex. 33) was properly quoted but deny that CTEL conducted business because CTEL was only a marketing name for CTFG. *See supra* at ¶ 26.  Plaintiff Exhibit 33 does not evidence that CTEL conducted any transaction.

    d.   Admit the quoted text of the transcript (P. Ex. 33) was properly quoted but deny that CTEL conducted business because CTEL was only a marketing name for CTFG. *See supra* at ¶ 26.  Plaintiff Exhibit 33 does not evidence that CTEL conducted any transaction.

    e.   Deny. Plaintiff Exhibit 33 does not support Plaintiff's assertion.

    f.   Admit the quoted text of the transcript (P. Ex. 33) was properly quoted but deny that CTEL conducted business because CTEL was only a marketing name for CTFG. *See supra* at ¶ 26.  Plaintiff Exhibit 33 does not evidence

that CTEL conducted any transaction..

g.    Deny. Plaintiff Exhibit 33 does not support Plaintiff's assertion.

91.    Deny.  CTEL is never mentioned in this email (P. Ex. 39). *See also supra* at ¶ 26.

**"XIII.  CTEL Trading Activity with PetroChina**"

92.    Deny.  *See supra* at ¶ 91.

93.    Deny.  *See supra* at ¶ 89.

**"XIV.  CTEL's Trading Activity Involving West Africa**"

94.    Deny.  *See supra* at ¶¶ 26 and 37.

a.    Deny.  *See supra* at ¶ 26.

b.    Admit.

c.    Deny, the attached document was entitled "Cinque Terre Financial Group Ltd."

d.    Admit that Plaintiff properly quoted Plaintiff Exhibit 33.

e.    Deny. Plaintiff Exhibit 43 does not support Plaintiff's assertions.

f.    Deny. Plaintiff Exhibit 43 does not support Plaintiff's assertions.

g.    Deny. Plaintiff Exhibit 44 does not support Plaintiff's assertions.

h.    Admit that this document was properly quoted.

i.    Admit that this document was properly quoted.

j.    Admit that this document was properly quoted.

**"XV.  Transition of Trading Activity to CTEL Malta**"

95.    Deny.  *See supra* at ¶ 26. Neither Bazzoni nor CTEL transferred any funds to

CTEL-Malta (Elemento), and prior to funding by Cedaridge in February and March 2016,

Elemento conducted no business and had no assets. (E.56.1 at ¶¶ 35-38).

    96.    Deny.  Plaintiff Exhibit 96 does not support Plaintiff's assertion.

    97.    Deny.  *See supra* at ¶ 96.

    98.    Deny.  Plaintiff Exhibit 59 does not support Plaintiff's assertion.

    99.    Deny.  *See supra* at ¶¶ 26, 96 and 98.

    100.    Admit.

    101.    Admit.

    102.    Admit.

**"XVI.  CTEL Malta's Relies on CTEL's Registration and Its Reputation"**

    103.    Admit.

    104.    Deny.  Plaintiff Exhibits 77 and 78 do not support Plaintiff's assertions.

    a.    Admit that this document was properly quoted.

    b.    Admit that this document was properly quoted.

    c.    Admit that this document was properly quoted.

    d.    Deny as document is illegible.

    e.    Deny as document is illegible.

    105.    Deny.  Plaintiff's assertion is an argument and not supported by Plaintiff Exhibit 77.

    a.    Admit that this document was properly quoted.

    b.    Admit that this document was properly quoted.

    106.    Deny.  Plaintiff Exhibits 50 and 99 do not support Plaintiff's assertion.

**"XVII.**      <u>CTEL Malta's Trading Activity Involving PDVSA"</u>

107.     Admit.

108.     Deny. Plaintiff Exhibit 95 does not support it assertions.

       a.      Deny. The quoted text was referring to a registration of CTFG, not CTEL.

           (P. Ex. 95).

       b.      Admit that this document was properly quoted.

109.     Admit.

110.     Admit.

       a.      Deny. Plaintiff Exhibit 80 does not support its assertion.

111.     Deny.  This quote refers to business opportunities, which are not explained in the document.  (P. Ex. 79).

112.     Admit.

113.     Admit.

114.     Deny.  Plaintiff Exhibit 82 does not refer to "business goals for the rest of the year."

115.     Deny. Plaintiff Exhibit 68 does not support Plaintiff's assertion.

116.     Deny. Plaintiff Exhibit 83 does not support Plaintiff's assertion.

117.     Deny. Plaintiff Exhibit 84 does not support Plaintiff's assertion.

118.     Admit.

**"XVIII.**      <u>CTEL Malta's Name Change"</u>

119.     Admit.

120.     Deny.  Plaintiff Exhibit 64 does not state that Fenlex is CTEL Malta's "corporate

agent."

    121.    Admit.

**"XIX.**  **Despite the Name Change, CTEL Malta Continued to Use the CTEL Name**"

    122.    Admit.

    123.    Admit.

    124.    Admit.

    125.    Admit.

    126.    Admit.

**"XX.**   **CTEL Malta Attracted Trading Partners by Using CTEL's PDVSA Registration**"

    127.    Admit.

    128.    Admit.

    129.    Admit.

**"XXI.**  **CTEL Malta's Trading Activity Involving PetroChina"**

    130.    Deny.  Plaintiff Exhibit 17 does not support Plaintiff's assertion.

        a.    Deny. Plaintiff Exhibit 79 does not support Plaintiff's assertion.

        b.    Admit.

        c.    Admit.

**"XXII.**  **CTEL Malta's Trading Activity Involved West Africa"**

    131.    Deny. Plaintiff Exhibit 17 does not support Plaintiff's assertion.

    132.    Deny.  *See supra* at ¶¶ 26, 89 and 94.

        a.    Admit.

        b.    Admit.

      c.    Deny. Plaintiff Exhibit 73 does not support Plaintiff's assertion.

133.    Admit.

134.    Deny. Plaintiff Exhibit 82 does not support Plaintiff's assertion.

135.    Deny. *See supra* at ¶ 94(e-g).

      a.    Admit that Plaintiff Exhibit 89 reflects a payment of $20,000 to a Jesper Ohlenschlager, and that Plaintiff Exhibit 90 reflects a $20,000 transaction referring to a "Jesper OH."

      b.    Admit that Plaintiff Exhibit 90 reflects a $1,275,000 transaction referring to a "Jesper O."

**"XXIII.    CTEL Malta's Other Oil Trading"**

136.    Deny. Plaintiff Exhibits 69 and 100 do not support Plaintiff's assertion.

**"XXIV.    CTEL Bank Accounts Were Drained After the Note Was Executed"**

137.    Admit.

138.    Admit.

139.    Admit the quote of Plaintiff Exhibit 50 was properly quoted, but deny the remainder as there is no evidence cited therein.

140.    Admit that Plaintiff Exhibit 5 states that such requests were made in September 2015, but deny as to when "the BCP account was established" because Plaintiff does not cite evidence for this assertion.

**"XXV.      CTEL Malta Sent and Received Payments to and from a 'CT Energia LTD' Bank Account"**

141.  Admit.

    a.  Admit that Plaintiff Exhibit 90 references an April 15, 2016 $5,000,000 transaction with a "reference number" "CT ENERGIA LTD."

    b.  Admit that Plaintiff Exhibit 90 references an August 1, 2016 $10,000 transaction with a "reference number" "CT ENERG."

    c.  Admit that Plaintiff Exhibit 90 references an August 1, 2016 $12,551,641.63 transaction with a "reference number" "CT ENERGIA LTD."

142.  Deny.  Plaintiff Exhibit 19 at 120:10-23 does not support Plaintiff's assertions.

**"XXVI.     CTEL Malta Kept a 'Cinque Terre Account" On Its Books"**

143.  Deny. Plaintiff Exhibit 92 does not support Plaintiff's assertion.

144.  Admit the quote of Plaintiff Exhibit 93 was properly quoted.

145.  Deny. Plaintiff Exhibits 69 and 91 do not support Plaintiff's assertion.

    a.  Admit that this document was properly quoted.

    b.  Admit that this document was properly quoted.

    c.  Admit that this document was properly quoted.

Dated: New York, New York
      November 2, 2018

                                           Yours, etc.,

                                           TACOPINA & SEIGEL

                     By:    /s/ *Matthew G. DeOreo*

                                           Joseph Tacopina, Esq.
                                           Chad D. Seigel, Esq.
                                           Matthew G. DeOreo, Esq.
                                           275 Madison Ave., Fl. 35
                                           New York, New York 10016
                                           Tel: (212) 227-8877
                                           Fax: (212) 619-1028
                                           *Attorneys for Defendants Alessandro*
                                           *Bazzoni  and CT Energia Ltd.*